IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **TYLAN LUCAS,** | ) |
| Petitioner, | ) Case No. 7:18CV00559 |
| v. | ) **OPINION** |
| **UNITED STATES OF AMERICA,** | ) By: James P. Jones |
| | ) United States District Judge |
| Respondent. | ) |

*Tylan Lucas, Pro Se Petitioner.*

The petitioner, Tylan Lucas, a federal inmate proceeding pro se, has filed a pleading that he titles "Writ of Error Coram Nobis 28 U.S.C. § 2241."[1] Pet. 1, ECF No. 1. Lucas contends that his federal arrest and conviction violated the "Separation of Powers" between the states and the federal government. *Id*. After review of the record, I will summarily dismiss the Petition.

According to federal court records online, on January 10, 2005, in the United States District Court for the District of Nebraska, Lucas was convicted after a jury trial on drug, firearms, and witness harassment charges and sentenced to a total of 295 months in prison. His direct appeal was ultimately unsuccessful. *United*

---

[1] Lucas cites § 2241 in this petition, but he has also filed a separate civil action under § 2241, raising similar claims, that I summarily dismissed as failing to state claims cognizable under § 2241. *Lucas v. United States*, No. 7:18CV00506 (W.D. Va. Nov. 19, 2018). Therefore, I will not construe the instant petition as another § 2241 petition.

*States v. Lucas*, 499 F.3d 769 (8th Cir. 2007), *cert. denied*, 552 U.S. 1281 (2008). Lucas also filed an equally unsuccessful motion pursuant to 28 U.S.C. § 2255. *United States v. Lucas*, No. 8:04CR44, 2009 WL 914246 (D. Neb. Mar. 30, 2009). Lucas is currently confined at the United States Penitentiary Lee, located in this judicial district.

In his coram nobis petition, Lucas asserts that the district court in Nebraska lacked jurisdiction to issue an arrest warrant or preside over his prosecution. He argues that because he "was not charged with interstate commerce," his "federal arrest violated the Separation of Powers" and his convictions must be vacated. Pet. 1, ECF No. 1.

A court may issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651 "to vacate a conviction after the sentence has been served," *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988), but "'only under circumstances compelling such action to achieve justice.'" *United States v. Bazuaye*, 399 F. App'x 822, 824 (4th Cir. 2010) (unpublished) (quoting *Mandel*, 862 F.2d at 1075). "To be entitled to coram nobis relief, the petitioner must demonstrate that: '(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III;

and (4) the error is of the most fundamental character.'" *Bazuaye,* 399 F. App'x at 824 (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)).

Lucas's petition fails under the first, second, and fourth conditions stated in *Bazuaye*. First, he is still in custody on the sentence that he challenges. Thus, a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 is the appropriate vehicle by which to raise a post-appeal claim that his sentence is unlawful. Second, Lucas offers no reason that he could not have brought his current claims on direct appeal or in his prior § 2255 motion. Finally, Lucas fails to present any fundamental error of fact from the trial or appeal proceedings as required to support a coram nobis petition. For the stated reasons, I conclude that Lucas's petition must be summarily dismissed.

A separate Final Order will be entered herewith.

DATED: January 2, 2019

/s/ James P. Jones
United States District Judge